# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| STEVEN GREGORY JACKSON, | ) | |
| Plaintiff, | ) | Civil Action No. 7:21-cv-00251 |
| v. | ) | **MEMORANDUM OPINION** |
| SOUTHWEST VIRGINIA JAIL DUFFIELD VA, | ) | By: Hon. Thomas T. Cullen<br>United States District Judge |
| Defendant. | ) | |

Plaintiff Steven Gregory Jackson, a Virginia inmate proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983, naming the Southwest Virginia Jail in Duffield, Virginia, as the sole defendant. Having reviewed the complaint, the court concludes that Jackson has failed to state a claim upon which relief may be granted. Therefore, the court will dismiss the complaint without prejudice under 28 U.S.C. § 1915A(b)(1).

## I.

Jackson's complaint includes the following allegations:

> Daniel Elliott told me to suck his dick when I ask[ed] him where my cloth[es] were after he shook me down.
>
> Daniel Elliott told me I was a low life inmate and he could [and] would treat me any way he wanted. Suck his dick.

(Compl. 2 [ECF No. 1].) In his request for relief, Jackson states that he wants Elliott to be fired. (*Id.*)

## II.

Under § 1915A, the court is required to review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). On review, the court must dismiss a complaint if it "fails to state a claim upon which relief may be granted." *Id.* § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III.

Section 1983 imposes liability on any "person" who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983[,] a plaintiff 'must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (quoting *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011)). Jackson's complaint fails to satisfy these requirements.

It is well settled that a state or local correctional facility is not a "person" within the meaning of § 1983. *See Will v. Mich. Dept' of State Police*, 491 U.S. 58, 71 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983"); *McCoy v. Chesapeake Corr. Ctr.*, 788 F. Supp. 890, 893 (E.D. Va. 1992) (concluding that local

jails in Virginia are properly considered "arms of the state" and "therefore not persons under § 1983"). Accordingly, the Southwest Virginia Jail is not subject to suit under the statute.

Additionally, Jackson's complaint does not allege a violation of any federal constitutional or statutory right. While the court in no way condones the comments purportedly made by Elliott, mere verbal abuse by jail officials does not give rise to a cause of action under § 1983. *Henslee v. Lewis*, 153 F. App'x 178, 180 (4th Cir. 2005) (citing *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)); *see also Jackson v. Holley*, 666 F. App'x 242, 244 (4th Cir. 2016) (holding that "sexually explicit and lurid" comments by a correctional officer did not amount to an Eighth Amendment violation) (internal quotation marks omitted); *Harper v. Campbell*, No. 1:20-cv-00170, 2021 WL 533729, at *8 (D. Md. Feb. 12, 2021) (dismissing an Eighth Amendment claim based on similar offensive comments).

## IV.

For the reasons stated, the court will dismiss Jackson's complaint without prejudice under 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to the plaintiff.

**ENTERED** this 25th day of June, 2021.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE